[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**April 19, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-14761
Non-Argument Calendar
_____

D. C. Docket No. 04-00160-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SALVADOR RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 19, 2005)**

Before TJOFLAT, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Salvador Rodriguez appeals his 77-month sentence for illegal reentry into

the United States after removal, in violation of 8 U.S.C. sections 1326(a) and

(b)(2). Rodriguez argues that the enhancements to his sentence based on his previous convictions violated the Sixth Amendment. We affirm the sentence.

Because Rodriguez objected to the sentence enhancements in the district court, we review the challenges to his sentence de novo. United States v. Sanchez, 269 F.3d 1250, 1272 (11th Cir. 2002) (en banc). We will not reverse the district court if any error was harmless. Id. An error is harmless if it did not affect the substantial rights of the parties. United States v. Hernandez, 160 F.3d 661, 670 (11th Cir. 1998).

Rodriguez challenge to his sentence fails. In United States v. Booker, the Supreme Court reaffirmed that the rule announced in Apprendi does not extend to previous convictions. 543 U.S. __, 125 S. Ct. 738, 756 (2005). The Sixth Amendment was not violated, therefore, when the district court calculated the guideline sentence and accounted for Rodriguez's previous convictions. Furthermore, any error committed by the district court in sentencing Rodriguez under the guidelines, as mandatory, was harmless, because the district court stated that were the guidelines not mandatory it would have imposed a sentence of 15 years' imprisonment, more than twice that actually received by Rodriguez.

**AFFIRMED.**

2